SMITH INCANDESCENT LIGHT CO. v. WELSBACH GAS LAMP CO.

(Circuit Court of Appeals, Second Circuit. December 9, 1913.)

No. 77.

PATENTS (§ 328*)—INFRINGEMENT—GAS LAMP.
    The Smith reissue, patent No. 13,033 (original No. 759,037), for improvements in gas lamps, construed, and *held* not infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Smith Incandescent Light Company against the Welsbach Gas Lamp Company. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 197 Fed. 951.

Miller & Merwin, of New York City (T. D. Merwin and W. B. Morton, both of New York City, of counsel), for appellant.

Alfred Wilkinson, of New York City, and Bakewell & Byrnes, of Pittsburgh, Pa. (C. P. Byrnes, of Pittsburgh, Pa., of counsel), for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. The complainant sues for infringement of reissued letters patent No. 13,033 for improvements in lamps. The features of the invention which need to be considered in this case are especially adapted to out-door mantle gas lamps and are found in a structure inserted in the bottom of the glass globe surrounding the burners which is intended to furnish a sufficient supply of air, prevent injurious drafts, and keep the glass globe cool and so less liable to break.

The glass globe surrounds the burners and has an opening in the bottom. Just above the opening is a circular cup with a slightly convex bottom, having a diameter larger than the opening, and connected with this cup by a threaded stem is, just below the opening, a flat horizontal circular disk having vertical radial blades between it and the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

globe. The wind striking the outside deflector horizontally is turned ·by the blades up vertically to the bottom of the cup within the globe and is by it deflected so as not to enter the globe vertically.

The defendant's structure is a lamp bottom contained in a neck or cylindrical extension of the glass. It has two deflectors, both below and outside of the opening of the globe. The wind entering the lower deflector horizontally is turned by the blades up into a sort of hat-shaped circular box having a foraminous bottom and having perforations in its circumference, through which perforations the air issues against the perpendicular side of the glass extension or neck and is turned vertically upward into the globe. There is also an annular opening into the globe from the bottom of the neck between the deflectors and the neck, through which air enters vertically.

The claims of the patent alleged to be infringed are 1 to 5 and 22 to 30. We discover no infringement. All the claims are for a combination of elements admittedly old. Claims 1, 2, and 3 call for a cup, an element which the defendant's structure has not. Claims 1, 4, and 5 call for a deflector within the globe, an element which the defendant's structure has not. Claims 4 and 5 call for a deflector having a diameter greater than that of the opening of the globe, an element which the defendant's structure has not.

Claims 22 to 30 are for a combination calling for means for laterally deflecting the air entering the globe so as to prevent it from ascending into the zone of the burners and to cause it to ascend into the zone between the mantles of the burners and the sides of the globe, whereby the sides of the globe are kept cool, the mantles protected from all currents, and fresh air for burner consumption is supplied.

Actual experiment by the smoke test which shows the route the air is traveling within the globe demonstrates that the defendant's structure does not function in this way at all. On the contrary, the stream of air enters the globe vertically through the annular aperture between the lamp bottom below the globe and the side of the cylindrical neck inclosing it, into which stream the air entering the lower deflector laterally is turned by the upper deflector. Some of the air from this combined vertical stream is sucked into the lower ports of the Bunsen burners to support consumption of the flames as the stream passes them and then midway of the mantles it turns to the sides of the globe.

On the other hand, the smoke test shows that in the complainant's structure the air, as it enters the globe, is turned horizontally by the deflector within the globe and·streams along the sides until at a point about midway of the mantles it turns inward toward them and then downward to the ports of the Bunsen burners.

As we find no infringement, the case is disposed of without considering other subjects discussed at length by counsel. The decree is affirmed, with costs.